**HEARING DATE: May 11, 2021, at 11:00 a.m. (prevailing Eastern Time)**
**OBJECTION DEADLINE: May 4, 2021, at 5:00 p.m. (prevailing Eastern Time)**

Jerrold L. Bregman, Esq.
**BRUTZKUS GUBNER**
5445 DTC Parkway, Suite 800
Denver, CO 80111
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
Email: jbregman@bg.law

*Counsel to Creditor, The Holtz Firm*
*Party One A and Party One B*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| RACHEL UCHITEL, an individual, | : | Case No. 20-11585 (JLG) |
| | : | |
| Debtor. | : | |
| | : | |

---------------------------------------------------------------x

# MOTION TO REOPEN CASE TO PERMIT FILING AND ADJUDICATION OF A MOTION FOR RELIEF FROM STAY *NUNC PRO TUNC*, PURSUANT TO SECTION 350(b) OF THE BANKRUPTCY CODE, FEDERAL RULE OF BANKRUPTCY PROCEDURE 5010, AND LOCAL RULE 5010-1

TO THE HONORABLE JAMES L. GARRITY, JR., UNITED STATES BANKRUPTCY JUDGE, RACHEL UCHITEL AND HER ATTORNEY OF RECORD, AND ANY OTHER INTERESTED PARTIES:

The Holtz Firm for Party One A and Party One B, creditors herein (collectively, "Creditor"), through counsel, hereby brings this motion ("Motion") to reopen the above-captioned chapter 7 case (the "Case") pursuant to 11 U.S.C. § 350(b), Rule 5010 of the Federal Rules of Bankruptcy Procedure, and this Court's Local Rule 5010-1.[1] This Motion is based upon the grounds stated herein as well as the accompanying Declaration of Michael D. Holtz filed substantially contemporaneously with this Motion (the "Holtz Decl."), and the accompanying

---

[1] Unless otherwise stated, all statutory references herein are to the Bankruptcy Code at 11 U.S.C. §§ 101 *et seq*., all references to "Rules" are to the Federal Rules of Bankruptcy Procedure, and all references to "Local Rules" are to the Local Rules of the United States Bankruptcy Court for the Southern District of New York, Effective December 1, 2017 (*rev'd.* June 9, 2020).

2628151

Request for Judicial Notice of Debtor's Voluntary Petition (as defined below) and amendments to Debtor's schedules (the "RJN").

## PRELIMINARY STATEMENT

1. Creditor seeks by this Motion to reopen the Case for the purpose of filing a motion for relief from stay pursuant to Section 362 (the "Contemplated MFRS"). The Contemplated MFRS would seek relief *nunc pro tunc* to the point in time after the Case was filed (the "Petition Date") – and **before Creditor received notice of the Case** – when Creditor sent debtor Rachel Uchitel ("Debtor") a demand letter and commenced an arbitration proceeding (the "Arbitration") against Debtor. Thus, the Contemplated MFRS would seek relief from stay, including a "comfort order" that Creditor did not violate the automatic stay for action taken after the Petition Date, and before Creditor received notice of the Case, and authorization to continue to prosecute the Arbitration to enforce a pre-petition undertaking, confidentiality and non-disclosure agreement pursuant to which Debtor received a substantial monetary payment (the "Non-disclosure Undertaking"). The Arbitration would be pursued only for ***Debtor's actions and omissions after the Petition Date***; Creditor would not seek to enforce the Non-disclosure Undertaking for any of Debtor's actions or omissions before the Petition Date. Creditor's Contemplated MFRS would be filed by a separate motion, with proper proof and evidentiary support, in the event the Court grants the instant Motion.

2. Creditor did not receive notice of the Case until Creditor received this Court's "Discharge of Debtor(s) and Order of Final Decree," dated February 1, 2021 [Docket No. 13] (the "Discharge Notice"). Holtz Decl., at ¶ 3. Creditor received the Discharge Notice – which was Creditor's first notice received in the Case – ***after*** Creditor had already sent Debtor and her former counsel a demand letter in September 2020, and after Creditor had already thereafter commenced the Arbitration against Debtor in Los Angeles. Holtz Decl., at ¶ 4. Promptly after receiving the Discharge Notice, Creditor ceased any and all action in connection with the

Arbitration other than to inform the arbitration tribunal (JAMS) that the action would be stayed, and would not be pursued, pending Creditor seeking relief from this Court. Holtz Decl., at ¶ 5.

       3.       The Non-disclosure Undertaking provides that the exclusive manner of resolution of disputes thereunder shall be through binding, confidential arbitration. Holtz Decl., at ¶ 6. Creditor has suffered and will continue to suffer harm as a consequence of Debtor's continuing post-petition breaches of the Non-disclosure Undertaking. Holtz Decl., at ¶ 7. The Arbitration would seek to enforce the Non-disclosure Undertaking only for Debtor's actions and omissions arising after the Petition Date. *Id*.

       4.       Debtor did not include Creditor in her original schedules or creditor matrix filed on the July 7, 2020 Petition Date, which schedules were filed together with Debtor's voluntary petition for relief under chapter 7 [Docket No. 1] (the "Voluntary Petition"). Nor did Debtor include Creditor in her schedules when she first amended them, on July 20, 2020 [Docket No. 6] (the "First Amended Schedules").

       5.       The docket in the Case reflects that Debtor's meeting of creditors pursuant to Section 341(a) occurred on August 3, 2020 (the "Meeting of Creditors"). Presumably at the Meeting of Creditors, Debtor affirmed under penalty of perjury that her schedules, as then amended by the First Amended Schedules, were true, complete and correct, and included, among other things, a listing of all of Debtor's creditors. It is axiomatic that Debtor's testimony in that regard was not truthful for Debtor's omission of Creditor from her schedules.

       6.       Nor did Debtor include Creditor in her schedules when she amended them for a second time, three days after her Meeting of Creditors, on August 6, 2020 [Docket No. 9] (the "Second Amended Schedules"). Nor did Debtor include Creditor in her schedules when she amended them for a third time, on August 19, 2020 [Docket No. 10] (the "Third Amended Schedules"). Debtor ultimately included Creditor on her schedules when she amended them for the fourth time, on October 20, 2020 [Docket No. 11] (the "Fourth Amended Schedules").

2628151

7. Despite the "Affidavit of Service" included in the filing of the Fourth Amended Schedules, Creditor never received any notice of the Fourth Amended Schedules, or the Case itself, from Debtor or her counsel.  Holtz Decl., at ¶ 9.

8. The extant facts and circumstances demonstrate that "cause" exists to reopen the Case to allow Creditor the opportunity to file Creditor's Contemplated MFRS.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference to Bankruptcy Judges of the District Court for the Southern District of New York, dated January 31, 2012 (Preska, C.J.).  This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A)(G) and (O).

10. Venue is proper in this District pursuant to 28 U.S.C. § 1410(2).

11. The statutory bases for the relief requested herein are Section 350(b), Rule 5010, and Local Rule 5010-1.

## BACKGROUND

12. Creditor and Debtor are parties to the Non-disclosure Undertaking which was entered into before the Petition Date.  Debtor received a substantial payment for her agreement to refrain from disclosing confidential information pursuant to the Non-disclosure Undertaking. Debtor willingly and voluntarily undertook the continuing obligations of confidentiality and non-disclosure as provided in the Non-disclosure Undertaking.

13. On July 7, 2020, Debtor filed her Voluntary Petition, inclusive of her original schedules and other required disclosures.  Creditor was not listed or otherwise included in Debtor's original schedules or the creditor matrix that accompanied Debtor's Voluntary Petition.

14. This Court, The Honorable James L. Garrity, Jr. presiding, was the Court before which the Case was administered.  Judge Garrity is the Judge to whom the Case was assigned at the time it was closed.

15. On July 20, 2020, Debtor filed her First Amended Schedules. Creditor was not listed in the First Amended Schedules.

16. On August 3, 2020, Debtor's Meeting of Creditors occurred.

17. On August 6, 2020, Debtor filed her Second Amended Schedules. Creditor was not listed in the Second Amended Schedules.

18. On August 19, 2020, Debtor filed her Third Amended Schedules. Creditor was not listed in the Third Amended Schedules.

19. On October 20, 2020, Debtor filed her Fourth Amended Schedules. Creditor is listed in the Fourth Amended Schedules. Creditor never received any notice of the Fourth Amended Schedules, or the Case itself, from Debtor or her counsel. Holtz Decl., at ¶ 9.

20. On February 1, 2021, the Discharge Notice was issued. Creditor received the Notice of Discharge which is the first and only notice Creditor received from the Court (or from Debtor or Debtor's counsel). Holtz Decl., at ¶ 3.

21. After the Petition Date, and before the issuance of the Notice of Discharge, Creditor had sent a demand letter and commenced the Arbitration. Holtz Decl., at ¶ 4.

## REQUESTED RELIEF

22. By this Motion, Creditor respectfully requests the entry of an order reopening the Case so that Creditor may file the Contemplated MFRS.

## BASIS FOR RELIEF

23. The reopening of a chapter 7 bankruptcy case that has been closed is governed by Section 350(b), Rule 5010, and Local Rule 5010-1. In relevant part, Section 350(b) provides as follows:

> A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

24. In relevant part, Rule 5010 provides as follows:

> A case may be reopened on motion of the debtor or other party in interest pursuant to §350(b) of the Code. In a

5

2628151

>
> chapter 7, 12, or 13 case a trustee shall not be appointed by the United States trustee unless the court determines that a trustee is necessary to protect the interests of creditors and the debtor or to insure efficient administration of the case.

25. In relevant part, Local Rule 5010-1 provides as follows:

> (a) *Contents of Motion.* A motion to reopen a case pursuant to Bankruptcy Rule 5010 must be in writing and state the name of the Judge to whom the case was assigned at the time it was closed.

26. Each of these requirements has been satisfied here. Cause exists to reopen the Case to allow Creditor the opportunity to file the Contemplated MFRS. Such a motion would be meritorious under the circumstances here presented, as would be more fully set forth in the MFRS, including to enable Creditor to seek a "comfort order" in respect of Creditors' actions after the Petition Date and before Creditor had received notice of the Case, and to prosecute the Arbitration but only with respect to actions and omissions of the Debtor after the Petition Date. This Motion is in writing and it states the name of the Judge to whom the Case was assigned at the time it was closed.

27. Creditor is not seeking the appointment of a trustee. The appointment of a trustee is not necessary to protect the interests of creditors or Debtor or to insure efficient administration of the Case.

28. Case law supports the finding of "cause" to reopen a chapter 7 case where the circumstances justify a party seeking relief that was not obtained before the case was closed. *See In re Farley*, 451 B.R. 235 (Bankr. E.D.N.Y. 2011) (cause existed to reopen chapter 7 case to give debtors the opportunity to file an executed lease assumption agreement for a motor vehicle even though judicial approval of debtors' assumption of that obligation was not required).

29. The Bankruptcy Code does not define "cause" for purposes of Section 350(b). *See State Bank of India v. Chalasani (In re Chalasani)*, 92 F.3d 1300, 1307 (2d Cir. 1996) (*cited in Farley*, 451 B.R. at 237-38). Courts have "broad discretion" to determine whether cause exists for reopening of a case. *Farley*, 451 B.R. at 237.

6

2628151

30. In an analogous case, the court in *In re Olejnik*, No. 09-76714-AST, 2010 WL 4366183, *3 (Bankr. E.D.N.Y. Oct. 28, 2010) reopened a case to permit a creditor to file a motion for relief from stay. Because the underlying case had been dismissed rather than fully administered, the court treated the motion to reopen as a motion for relief from the dismissal judgment under Rule 60 of the Federal Rules of Civil Procedure. The court found that cause to reopen the case existed for the debtor's failure to have disclosed either its interest in the real property that was the subject of the creditor's motion or the creditor itself. *Id*. at *4. The court went on to note that the foreclosure sale conducted in violation of the automatic stay was "void" despite the creditor's lack of knowledge of the bankruptcy case, and concluded that not reopening the case "would be inequitable … and thereby reward Debtor for his misconduct and punish [creditor] for its unknowing [stay] violations." *Id*. at *5. The court noted that relief from stay may be granted *nunc pro tunc* (citing *In re Bresler*, 119 B.R. 400, 403-04 (Bankr. E.D.N.Y. 1990)), and that "this case would first have to be reopened to do so." *Id*.

31. Debtor's obligations under the Non-disclosure Undertaking were not discharged in the Case because undertakings to refrain from acting are not claims that are subject to discharge  Moreover, any intentional breaches would be willful and intentional within the meaning of Section 523(a)(6). Furthermore, a contrary rule would inequitably allow Debtor to use bankruptcy as a sword:

> Some courts have employed the rationale of *Kovacs* [*Ohio v. Kovacs*, 469 U.S. 274, 275 (1985)] to find that an injunctive right is not a claim because compliance does not require the expenditure of money. *See, e.g., In re Annabel*, 263 B.R. 19, 27–28 (Bankr. N.D.N.Y. 2001) (holding that within the context of a chapter 7 case, the discharge injunction will not affect the enforcement of an equitable remedy for a debtor's breach of non-compete covenant "where compliance requires simple abstention from conduct and does not give rise to monetary payment.")
>
> * * *
>
> But since his undertaking not to compete with [franchisor] will survive his bankruptcy discharge, [debtor] faces this

7

> threat regardless.  It is not granting stay relief that will harm [debtor], it is his promise not to compete with [franchisor]."). To hold otherwise would be to impermissibly enable the Debtor to use bankruptcy as a sword, rather than as a shield. *In re Hirschhorn*, 156 B.R. 379, 389 (Bankr. E.D.N.Y. 1993) ("[B]ankruptcy is intended to be used as a shield and not as a sword.").

*In re LaFemina*, No. 14-43362-nhl, 2017 WL 4404254, *4, *9 (Bankr. E.D.N.Y. Sep. 30, 2017) (citations omitted).

32. Thus, cause exists in the instant case because Creditor had not received any notice of the Case, Debtor had omitted listing Creditor in Debtor's schedules, and Creditor's actions in sending a demand letter and commencing the Arbitration were done without knowledge of the Case. Creditor, who is entitled to enforce the Non-disclosure Undertaking for Debtor's actions and omissions arising after the Petition Date, should have no potential exposure for Creditor's technical violation of the automatic stay of which Creditor had not received notice. *See, generally, In re Lafemina*, 2017 WL 4404254 (Bankr. E.D.N.Y. 2017) (granting relief from stay so creditor may continue arbitration to enforce post-termination obligations and restrictive covenants under a franchise agreement).

## NO PRIOR RELIEF

33. No prior request for the relief sought in this Motion has been made to this or to any other court.

[*Remainder of page intentionally left blank.*]

## **CONCLUSION**

WHEREFORE, based on the foregoing facts and circumstances, the Holtz. Decl. and the RJN, Creditor respectfully requests that the Court issue an order reopening the Case.

Dated: April 27, 2020
Denver, Colorado

Respectfully submitted

*/s/ Jerrold L. Bregman*
Jerrold L. Bregman
**BRUTZKUS GUBNER**
5445 DTC Parkway, Suite 800
Denver, CO 80111
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
Email: jbregman@bg.law

*Counsel to Creditor, The Holtz Firm
Party One A and Party One B*