**HEARING DATE: May 11, 2021, at 11:00 a.m. (prevailing Eastern Time)**
**OBJECTION DEADLINE: May 4, 2021, at 5:00 p.m. (prevailing Eastern Time)**

Jerrold L. Bregman, Esq.
**BRUTZKUS GUBNER**
5445 DTC Parkway, Suite 800
Denver, CO 80111
Telephone:  (818) 827-9000
Facsimile:   (818) 827-9099
Email:  jbregman@bg.law

*Counsel to Creditor, The Holtz Firm*
*Party One A and Party One B*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| RACHEL UCHITEL, an individual, | : | Case No. 20-11585 (JLG) |
| | : | |
| Debtor. | : | |
| | : | |

---------------------------------------------------------------x

# DECLARATION OF MICHAEL D. HOLTZ IN SUPPORT OF MOTION TO REOPEN CASE TO PERMIT FILING AND ADJUDICATION OF A MOTION FOR RELIEF FROM STAY *NUNC PRO TUNC*, PURSUANT TO SECTION 350(b) OF THE BANKRUPTCY CODE

I, Michael D. Holtz, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am a principal of The Holtz Firm, creditor herein for Party One A and Party One B (collectively, "Creditor").  The facts stated herein are known to be true based upon my personal knowledge.  I am over 18 years of age, and if called upon to testify, I could and would competently testify to each of the facts set forth herein.

2. I make this Declaration in support of the *Motion to Reopen Case to Permit Filing and Adjudication of a Motion For Relief From Stay Nunc Pro Tunc, Pursuant to Section 350(b) of the Bankruptcy Code, Federal Rule of Bankruptcy Procedure 5010, and Local Rule 5010-1*, which I understand is to be filed substantially contemporaneously with this Declaration (the "Motion").  Unless stated otherwise, all defined terms herein shall have the meanings ascribed to them in the Motion.

2628521

3. Creditor did not receive notice of the Case until I received the Discharge Notice, dated February 1, 2021. This Discharge Notice was Creditor's first notice received in the Case. I never received any notice of the Case from Debtor or Debtor's counsel.

4. I received the Discharge Notice after I had already sent Debtor and her former counsel a demand letter in September 2020, and after I had already thereafter commenced the Arbitration in Los Angeles.

5. Promptly after receiving the Discharge Notice, I notified the arbitration tribunal (JAMS) and directed that the Arbitration be stayed and not pursued pending my seeking relief from this Court.

6. Debtor and Creditor are parties to the Non-disclosure Undertaking pursuant to which Debtor received a substantial monetary payment. The Non-disclosure Undertaking provides that the exclusive manner of resolution of disputes thereunder shall be through binding, confidential arbitration.

7. Creditor has suffered and will continue to suffer harm as a consequence of Debtor's continuing post-petition breaches of the Non-disclosure Undertaking. By the Arbitration, the Non-disclosure Undertaking would be enforced only for Debtor's actions and omissions arising after the Petition Date.

8. If the Contemplated MFRS were granted, I would promptly file an amended statement of claim in the Arbitration to seek enforcement of the Non-disclosure Undertaking only for Debtor's actions and omissions arising after the Petition Date.

[*Remainder of page intentionally left blank.*]

9. I never received any notice of the Fourth Amended Schedules, or the Case itself, from Debtor or her counsel.

10. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: April 27, 2020
Los Angeles, California

By: /Michael Holtz/
Michael D. Holtz